IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>YULIO CERVINO-HERNANDEZ,<br><br>Defendant. | 4:15-CR-3114<br><br>TENTATIVE FINDINGS |

The Court has received the presentence investigation report in this case. There are no motions for departure or variance. The defendant has objected to the presentence investigation report (filing 110).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

 (f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The defendant objects to the presentence investigation report, arguing that the drug quantity amount as reflected in the plea agreement results in a base offense level of 34 under U.S.S.G. § 2D1.1. The presentence report recommends a base offense level of 38.

The plea agreement indicates that, at the time of his arrest, the defendant was in possession of 641 grams of methamphetamine (actual), and 4,926 grams of methamphetamine (mixture). The plea agreement also stipulates that the defendant be held responsible for at least 10,000 kilograms, but less than 30,000 kilograms, of marihuana equivalent. This drug quantity amount, the defendant argues, triggers a base offense level of 34. *See* U.S.S.G. § 2D1.1(a)(5) and (c)(3).

According to the presentence report, it was later determined that the approximately 4,600 grams of methamphetamine in the defendant's possession was "actual," not "mixture." Based on this finding, the presentence report reflects an overall attributable drug amount of 5.2 kilograms of methamphetamine (actual). This quantity triggers a base offense level of 38. *See* § 2D1.1(a)(5) and (c)(1).

The Court will resolve this matter based on the evidence adduced at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is

        requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 28th day of September, 2016.

                          BY THE COURT:

                          */s/ John M. Gerrard*
                          John M. Gerrard
                          United States District Judge